UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HORACE ALEXANDER                                    CIVIL ACTION

VERSUS                                              NO. 05-2423

TANGIPAHOA PARISH SHERIFF                           SECTION "A" (2)
DEPT. ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Horace Alexander, filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the Tangipahoa Parish Sheriff's Department, Deputy Carter, Deputy Kilmore and Lieutenant Williams. Record Doc. No. 1 (Complaint). The case has been referred to me for purposes of the determination contemplated by 28 U.S.C. § 1915(e). Record Doc. No. 28.

I.    THE ALLEGATIONS OF THE COMPLAINT

Alexander alleges that he was a passenger in a vehicle that was rear-ended by another vehicle on June 24 or 25, 2004, in Hammond, Louisiana and that he suffered physical injuries as a result. He asserts that the Tangipahoa Parish deputies who responded to the accident failed to list him on the accident report, which plaintiff claims was a denial of equal protection, apparently based on his race. Alexander alleges that, because his name is not on the accident report, "no attorney can take the case." He seeks

$4,000,000 in damages and an injunction, although he does not explain what sort of injunctive relief he seeks. Record Doc. No. 1, Complaint.

Plaintiff attached a copy of the police report concerning the accident to his complaint and thereby made it a part of the complaint. Fed. R. Civ. P. 10(c). The report states that the incident occurred on June 25, 2004, and involved a white female driver of vehicle #1 and a black male driver of vehicle #2. The report indicates that three children were passengers in vehicle #1. No passengers are noted as being in vehicle #2, and plaintiff's name is not mentioned anywhere in the report. Record Doc. No. 1, Uniform Motor Vehicle Traffic Crash Report, at pp. 1, 2, 5.

Deputy Norman Carter signed the accident report. He reported that the driver of vehicle #1 "stated that she was traveling straight ahead when the driver of vehicle #2 stopped the vehicle and backed into her." Deputy Carter reported that the driver of vehicle #2 stated that he was driving forward when the "driver of vehicle #1 ran into the back of him with her vehicle." Record Doc. No. 1, accident report at p.4.

In her own statement, which is also incorporated into the complaint as an attachment to the police report, the female driver of vehicle #1 stated that she was leaving the parking lot of her apartment complex to go to work about 7:30 a.m. and had her young children in the car with her. She said she had previously noticed a small white truck "circling around & around" the parking lot. She said that she had to return to her

2

apartment because she had forgotten something and that, as she drove back to her apartment, "the white truck was circling around."  She reported that, when she pulled out of her driveway the second time, the white truck was in front of her.  She stated that, after she had followed the truck for a short distance, the driver of the truck "slammed on his brakes and backed his truck very fast into my car, then he got out of his truck and yelled at me, 'why are you following me.'"  She stated that she backed up and went home because she was scared, especially because her children were in the car, and she called the police.  Id. at p.6.

The statement by the driver of vehicle #2 states that he was hit from behind by the woman's car while he was traveling at a slow speed and that the "victim [sic] went backing away."  He said he tried to follow her, then came back to the same spot and called the police.  Id. at p.7.

II.    ANALYSIS

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on

3

an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. An in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint under federal law must be dismissed under 28 U.S.C. § 1915(e), either as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) in light of the factual basis of his claims. Plaintiff's complaint fails to state a federal claim under the broadest reading.[1] In addition, to whatever extent, if any, that

---

[1] Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

plaintiff seeks to assert state law claims, this court lacks subject matter jurisdiction in the absence of any federal claim because diversity of citizenship jurisdiction did not exist at the time the complaint was filed.

(A)     Improper Defendant

Alexander has named the "Tangipahoa Parish Sheriff's Department" as a defendant in this matter. No claim of any sort, under either federal or state law, can be asserted against this defendant.

The sheriff's office is not a legal entity or person capable of being sued. Cozzo v. Tangipahoa Parish Council-President Gov't, 279 F.3d 273, 283 (5th Cir. 2002) (citing Ferguson v. Stephens, 623 So. 2d 711, 714 (La. App. 4th Cir. 1993)); Brown v. Richland Det. Ctr., No. 06-0279, 2006 WL 1675413, at *4 (W.D. La. May 4, 2006); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any parish sheriff's office. Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dep't, 350 So. 2d 236 (La. App. 3d Cir. 1977). The sheriff's department is not a "person" for purposes of Section 1983 liability. Calhoun v. Sanderson, No. 01-3765, 2003 WL 1595088, at *5 (E.D. La. Mar. 25, 2003); Creppel v. Miller, No. 92-2531, 1993 WL 21408, at *1 (E.D. La. Jan. 22, 1993).

Under these circumstances, all claims against the Tangipahoa Parish Sheriff's Department must be dismissed as legally frivolous.

(B)    The Complaint Fails to State a Federal Claim

(1)    Mere Negligence

Plaintiff's allegations that defendants failed to include his name on the accident report at best asserts a negligence claim, not a claim of civil rights violations cognizable under Section 1983.  Claims arising from allegedly negligent acts do not give rise to relief under Section 1983.

The Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986).  In a number of contexts, other courts have determined that allegations amounting to negligence cannot support a Section 1983 claim.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993) (negligent medical care); Hare v. City of Corinth, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (negligence insufficient to support failure to protect claim under Section 1983); Eason v. Thaler, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (negligence cannot support Section 1983 action for deprivation of religious rights or for Eighth Amendment claim based upon prison officials' alleged gross negligence in permitting a gas leak to occur); Doe v. Taylor Indep. Sch. Dist., 975 F.2d 137, 142 (5th Cir. 1992), vacated on other grounds, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors

6

give rise to a <u>constitutional</u> tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.").

Alexander alleges that defendants failed to include his name on the accident report.  He alleges, without any basis in fact or law, that this omission prevents him from making an insurance claim or bringing a civil action against the female driver of vehicle #1 that allegedly rear-ended the vehicle in which he was riding.

These are allegations of garden variety tortious conduct that do <u>not</u> rise to the level of violations of the Constitution.  Defendants cannot therefore be liable under federal law for injuries, if any, resulting from the failure alleged by plaintiff, and this claim should be dismissed as legally frivolous and for failure to state a claim under Section 1983.  If plaintiff wants to pursue tort claims under state law, he is free to do so in state court.

(2)    <u>Failure to State a Federal Equal Protection Claim</u>

Alexander alleges that he "was denied equal protection of the law and unqual (sic) service," apparently because the driver of the second vehicle was "a white woman." Record Doc. No. 1 (Complaint).  Reading his pro se complaint broadly, it appears that Alexander alleges that defendants discriminated against him on the basis of race.

"'[A] State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect.'"  <u>Johnson v. Rodriguez</u>, 110 F.3d 299, 306 (5th Cir. 1997) (quoting <u>Dandridge v. Williams</u>, 397 U.S. 471, 485 (1970)).  "Rather,

as long as they do not burden a fundamental right or target a suspect class, 'state agencies may pursue legitimate purposes by any means having a conceivable rational relationship to those purposes.'"  Id. (quoting Stern v. Tarrant County Hosp. Dist., 778 F.2d 1052, 1054 (5th Cir. 1985)).

Even the deferential "rational basis" scrutiny that is applied to ordinary governmental classifications is not appropriate, however, when the challenged law does not create any classifications at all.  "[I]f the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action--even if irrational--does not deny them equal protection of the laws.'"  Id. (quoting Brennan v. Stewart, 834 F.2d 1248, 1257 (5th Cir. 1988)).

Disparate impact alone cannot suffice to state an equal protection violation; otherwise, any law could be challenged on equal protection grounds by whomever it has negatively impacted.  Id. (citing Washington v. Davis, 426 U.S. 229, 246-250 (1976)).  "Thus, a party who wishes to make out an Equal Protection claim must prove 'the existence of purposeful discrimination' motivating the state action which caused the complained-of injury."  Id. (quoting McCleskey v. Kemp, 481 U.S. 279, 292-93 (1987)).  "'Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite

of, the adverse impact it would have on an identifiable group.'" <u>Id.</u> at 307 (quoting

<u>Woods v. Edwards</u>, 51 F.3d 577, 580 (5th Cir. 1995)).

Applying these standards, Alexander's claim of discrimination fails to state a claim

cognizable under Section 1983 for several reasons.  His written submissions establish

that no fundamental right was burdened by defendants' failure to list his name on the

police report concerning the accident.  Plaintiff clearly has no constitutionally protected

right to have his name listed as a victim on a police accident report, particularly under

the suspicious and questionable circumstances of the "accident" in this case, all as more

fully discussed below. Clearly, the statement of the other driver, which plaintiff himself

submitted to the court as an  attachment to the police report and his complaint, raises the

strong inference that the accident was suspected to be a fraud and provides ample reasons

why his name was not listed as a victim and why its omission from the report was a result

of a number of legitimate, nondiscriminatory variables other than race.  Plaintiff's written

submissions fail to establish that the Tangipahoa Parish deputies acted with purposeful

discriminatory motivation, as opposed to the exercise of sound judgment in the

preparation of their report based upon their investigation, all as reflected in the

attachments to Alexander's complaint.

In summary, Thompson does not allege that the acts by Tangipahoa Parish

sheriff's deputies burdened any fundamental right, targeted a suspect class or evidenced

9

any discriminatory purpose, as opposed to legitimate investigatory discretion.  Thus, his equal protection claim is based on a meritless legal theory and should be dismissed as frivolous.

(3)   Defendants Are Entitled to Qualified Immunity as to Any Federal Claim

Even if plaintiff's complaint could be found to state a claim of violation of constitutional rights upon which relief might be granted, it would have to be dismissed because it is clear on the face of the complaint, including the attachments which must be read as part of the complaint under Rule 10(c), that the doctrine of qualified immunity bars plaintiff's lawsuit.

Although there is some authority to the contrary, it appears that the majority of courts, including the Fifth Circuit, currently hold that the court "may raise the issue of qualified immunity sua sponte." Greco v. National R.R. Passenger Corp., No. 02-CV-6862, 2005 WL 3591196, at *7 n.6 (E.D. Pa. Dec. 30, 2005) (citing Graves v. City of Coeur D'Alene, 339 F.3d 828 (9th Cir. 2003); Doe v. Delie, 257 F.3d 309, 312, 322 n.13 (3d Cir. 2001); Sonoda v. Cabrera, 255 F.3d 1035, 1039 (9th Cir. 2001); Rolle v. Berkowitz, No. 03-7120, 2004 WL 287678, at *1-2 (S.D.N.Y. Feb. 11, 2004); Skevofilax v. Quigley, 586 F. Supp. 532, 538 (D.N.J. 1984); Section 1983 Litigation: Claims and Defenses § 9A.14[B] (2005)); accord Spence v. Hood, 170 Fed. Appx. 928, 2006 WL 775151, at *1, *2 (5th Cir. 2006); Peterson v. Utah, 30 Fed. Appx. 937, 2002

10

WL 373978, at *1 (10th Cir. 2002); <u>England-Whaley v. Lake Hamilton Sch. Dist.</u>, No. 04-6128, 2006 WL 1027138, at *2 (W.D. Ark. Apr. 18, 2006); <u>see also</u> <u>Moore v. Carwell</u>, 168 F.3d 234, 236 (5th Cir. 1999) (assuming without deciding that magistrate judge could raise qualified immunity defense sua sponte); <u>but see</u> <u>Straub v. Does</u>, 63 Fed. Appx. 309, 2003 WL 1870876, at *1 (9th Cir. 2003) (district court erred in raising qualified immunity sua sponte because it is an affirmative defense that must be raised and affirmatively established by defendants);[2] <u>Lee v. Myers</u>, 92 F.3d 1185, 1996 WL 444460, at *2 (6th Cir. 1996) (because qualified immunity is an affirmative defense, district court errs when it raises the defense sua sponte, <u>unless</u> the defense is obvious from the face of the complaint); <u>Barker v. Norman</u>, 651 F.2d 1107, 1127-28 (5th Cir. 1981) (although "qualified immunity is an affirmative defense that must be pleaded by the defendant," Fifth Circuit upheld district court's grant of sua sponte summary judgment on qualified immunity grounds when plaintiff failed to protest it in post-judgment motions or on appeal).

Qualified immunity "affords government officials not just immunity from liability, but immunity from suit." <u>Vander Zee. v. Reno</u>, 73 F.3d 1365, 1368-69 (5th Cir.

---

[2]The Ninth Circuit in <u>Straub</u> did not acknowledge or reconcile earlier holdings of its court that a district court did not err by granting summary judgment sua sponte on qualified immunity grounds. <u>Sonoda v. Cabrera</u>, 255 F.3d 1035, 1040 n.2 (9th Cir. 2001); <u>LaLonde v. County of Riverside</u>, 204 F.3d 947, 953 (9th Cir. 2000).

1996)(citing <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 525-26 (1985)). Thus, when qualified immunity applies, defendants are entitled to dismissal of the complaint even before the commencement of discovery. <u>Id.</u>

Qualified immunity is an issue of law.  The court may dismiss the complaint sua sponte based on a finding that defendants are entitled to qualified immunity, either because the complaint presents a purely legal question or when it depends on the factual record, if the factual record has been developed adequately.  <u>Graves</u>, 339 F.3d at 845 n.23; <u>Peterson</u>, 2002 WL 373978, at *1; <u>Shabazz v. Virginia Dep't of Corr.</u>, No. 7:04CV00499, 2005 WL 1026555, at *1, *3 (W.D. Va. May 2, 2005).

In this case, the complaint and its attachments establish that Deputy Carter, Deputy Kilmore and Lt. Williams are entitled to qualified immunity for their actions.  Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.  <u>Colston v. Barnhart</u>, 130 F.3d 96, 98 (5th Cir. 1997); <u>Coleman v. Houston Indep. Sch. Dist.</u>, 113 F.3d 528, 532-33 (5th Cir. 1997) (citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)).

A qualified immunity defense is analyzed under a two-step process.  <u>Jacobs v. West Feliciana Sheriff's Dep't</u>, 228 F.3d 388, 393 (5th Cir. 2000); <u>Hare</u>, 135 F.3d at 325.

12

The first step is to determine whether plaintiff has alleged a violation of a clearly established constitutional right. Jacobs, 228 F.3d at 393; Hare, 135 F.3d at 325.

The second step requires the court to determine whether defendants' conduct was objectively reasonable under existing clearly established law. Jacobs, 228 F.3d at 393.

Accepting as true the facts alleged by Alexander, the allegations of his complaint fail to establish a violation of a clearly established constitutional right. As discussed above, plaintiff's allegations amount to a tort claim, if anything. Plaintiff advances no reason to support the conclusory allegation that the omission of his name was deliberately based on his race. At the time of the accident, there was no clearly established constitutional right to be free from tortious actions by sheriff's deputies or for a passenger to have his name listed in a police report concerning a vehicular accident.

In addition, even assuming that plaintiff could assert a violation of a clearly established constitutional right, defendants' conduct was objectively reasonable under existing clearly established law. The deputies took the statement of the female driver of vehicle #1, which allegedly rear-ended the truck in which Alexander was riding. She had observed the small white truck "circling around & around" the parking lot when she initially left her apartment and said that it was still circling when she returned to her apartment to pick up something. She reported that, when she pulled out of her driveway the second time and began following the white truck, the driver "slammed on his brakes

and backed his truck very fast into my car, then he got out of his truck and yelled at me, 'why are you following me.'"  She stated that she backed up and went home because she was scared, especially because she had her children in the car, and called the police.

The deputies who responded reasonably could have believed the female driver's story over that of the other driver.  They reasonably could have believed that the truck driver was setting up a scam by circling the area and waiting for a vehicle to come up behind him so that he could slam on his brakes and back into the other car, in order that he and his passenger could make a false insurance claim for injuries.

The deputies were engaged in a discretionary duty when they filled out the accident report.  They reasonably could have decided to omit plaintiff's name from the accident report so that he, at least, could not benefit from the probable scam or because they observed that he was not injured.

Therefore, Alexander cannot establish that defendants' actions were not objectively reasonable.  Under these circumstances, the doctrine of qualified immunity bars any action under Section 1983, and plaintiff's federal claims should be dismissed as legally frivolous and for failure to state a claim under Section 1983.

14

(C)     <u>No Jurisdiction Over State Law Claims</u>

     (1)     <u>No Diversity of Citizenship</u>

Diversity jurisdiction exists when the claims in the complaint <u>are between citizens of different states</u> and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.   28 U.S.C. § 1332(a).   The law is long established that when federal jurisdiction is based on diversity of citizenship, complete diversity must exist between all adverse parties in the action.  <u>Strawbridge v. Curtiss</u>, 7 U.S. 267 (1806); <u>Breaux v. Dilsaver</u>, 254 F.3d 533, 536 (5th Cir. 2001); <u>Whitmire v. Victus Ltd.,</u> 212 F.3d 885, 887 (5th Cir. 2000).  The burden of establishing jurisdiction rests with the party who invokes federal jurisdiction.  <u>Coury v. Prot</u>, 85 F.3d 244, 250 (5th Cir. 1996).

It is hornbook law that whether diversity jurisdiction exists is determined by examining the citizenship of the parties <u>at the time of filing</u> of the complaint. <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 570-71 (2004); <u>Ellison Steel, Inc. v. Greystar Construction LP</u>, 2006 WL 2381924, *3 (5th Cir. 2006); 13B C. Wright, A. Miller, E. Cooper, <u>Federal Practice and Procedure</u> § 3608 at 448 and cases cited at n.1 (West 1984 and 2006 Supp.).

Although Alexander's recent written submissions to this court indicate that he now resides in Houston, Texas, including from time to time in the Harris County, Texas,  jail,

the record is clear that at the time he filed this complaint he was a Louisiana citizen residing in Hammond, Louisiana.  Record Doc. No. 1 (Complaint).  Although he makes no express allegations concerning defendants' citizenship, it appears that as deputies of the Tangipahoa Parish sheriff, the named defendants also were Louisiana citizens at the time the complaint was filed. Under these circumstances, it appears that there is no basis for this court's exercise of diversity of citizenship jurisdiction and, in the absence of any federal claims that might give rise to supplemental subject matter jurisdiction, the complaint must be dismissed for lack of subject matter jurisdiction insofar as it may assert state law claims.

      (2)    <u>No Supplemental Jurisdiction</u>

In addition, to whatever extent, if any, that plaintiff's allegations might constitute a state law claim, such allegations are not within this court's supplemental subject matter jurisdiction in the absence of a cognizable federal claim or diversity of citizenship jurisdiction.  If my recommendation to dismiss plaintiff's Section 1983 claims is accepted by the presiding district judge, plaintiff will have no federal claims remaining in this action,  the court will have no supplemental jurisdiction over state law claims, and there will be no independent basis for the exercise of subject matter jurisdiction.  28 U.S.C. § 1367.

A district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3).  The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); accord Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

In the instant case, no trial date has been set and the parties have not yet commenced discovery.  These proceedings remain at the earliest screening stage for pro se and in forma pauperis complaints.  If plaintiff's Section 1983 claims are dismissed as recommended above, no possible basis for federal subject matter jurisdiction will then be apparent from the face of this complaint.  Accordingly, pursuant to Section 1367(c) and having balanced the relevant factors of judicial economy, convenience, fairness, and comity, the court should decline to exercise jurisdiction over any state law claims and dismiss them without prejudice for all purposes contemplated by 28 U.S.C. § 1367(d).

17

Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 587 (5th Cir. 1992);

Newport Ltd. v. Sears, Roebuck & Co., 941 F.2d 302, 307 (5th Cir. 1991).

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** insofar as it asserts claims under federal law as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

**IT IS FURTHER RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** insofar as it asserts claims under state law.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____2nd_____ day of October, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE